UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTHA MCDOWELL, | No. 2:16-cv-2144 CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. On December 16, 2016, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a) and dismissed with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff again alleges he suffered injuries after being attacked by another inmate. However, the amended complaint fails to state a claim upon which relief can be granted because plaintiff fails to allege facts suggesting that any defendant is liable for plaintiff's injuries. In order to state a claim under the Eighth Amendment for failure to protect an inmate from violence, plaintiff must allege facts indicating he suffered an injury as a result of a prison official's deliberate indifference to a substantial risk of serious physical harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In his amended complaint, as in his original, plaintiff fails to allege facts suggesting any injuries suffered by him were the result of any defendant being at least deliberately indifferent to a substantial risk of serious physical harm.

For these reasons, plaintiff's amended complaint must be dismissed. However, the court will grant plaintiff a second and final opportunity to amend in order to state a claim upon which relief could be granted.

Plaintiff is reminded that if he chooses to file a second amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

2

actions and the claimed injuries.  Rizzo v. Goode, 423 U.S. 362 (1976).  For example, a warden of a prison is not liable for something simply because it happened at his or her prison.  For the warden to be liable, he or she must have actually committed a violation of plaintiff's rights.  Again, vague and conclusory allegations of official participation in civil rights violations are not sufficient, Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982), and there is no vicarious liability in a § 1983 action.  City of Canton, OH v. Harris, 489 U.S. 378, 385 (1989).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 1, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mcdo2144.14(2)

3