UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTHA MCDOWELL, | No. 2:16-cv-2144 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| ROBERT W. FOX, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. On June 1, 2017, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a) and dismissed with leave to amend. Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff has now been released from prison, but was in prison when he filed his second amended complaint. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

When the court dismissed plaintiff's amended complaint with leave to amend, the court found as follows:

> In his amended complaint, plaintiff again alleges he suffered injuries after being attacked by another inmate. However, the amended complaint fails to state a claim upon which relief can be granted because plaintiff fails to allege facts suggesting that any defendant is liable for plaintiff's injuries. In order to state a claim under the Eighth Amendment for failure to protect an inmate from violence, plaintiff must allege facts indicating he suffered an injury as a result of a prison official's deliberate indifference to a substantial risk of serious physical harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In his amended complaint, as in his original, plaintiff fails to allege facts suggesting any injuries suffered by him were the result of any defendant being at least deliberately indifferent to a substantial risk of serious physical harm.

In his second amended complaint, plaintiff alleges he was punched in the face by inmate Abson while he was in a dormitory at the California Medical Facility (CMF). Plaintiff names Abson, Warden Robert Fox and Correctional Captain D. Artis as defendants.

As for Abson, plaintiff fails to point to any cause of action he may have against Abson arising under federal law.

As for Fox and Artis, plaintiff fails again to allege any facts suggesting his attack was the result of their deliberate indifference. Plaintiff asserts Abson had been a participant in the

2

"Emargence Out Patience Program," but had been removed for failure to participate. Plaintiff fails to explain how this put Fox or Artis on notice that Abson could or would be violent toward plaintiff if they came into contact. Plaintiff also asserts that under prison policy, a security check was to occur every 30 minutes in his dormitory and that his being attacked was the result of that check not occurring. However, plaintiff fails to explain how that check not occurring amounts to deliberate indifference on the part of Fox or Artis.

On two occasions, the court has identified the deficiencies with plaintiff's pleadings to plaintiff and granted him leave to attempt to curt those deficiencies. ECF No. 7 & 12. Granting leave to amend a third time appears futile.[1]

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

/////
/////
/////
/////
/////

---

[1] The court expresses no opinion as to whether plaintiff might be able to state a claim upon which he could proceed against any defendant under California tort law in a California court.

3

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 27, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mcdo2144.14(3)