UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTHA MCDOWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT W. FOX, et al.,<br><br>        Defendants. | No. 2:16-cv-2144 MCE CKD P<br><br><br>ORDER |

        Plaintiff is proceeding with counsel and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff has filed a third amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," and / or "labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In the § 1983 context, liability only arises by a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). It must be alleged that there is a casual connection between the defendant and the claimed injury. Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).

Plaintiff claims that in 2008, he was diagnosed with heart disease and a physician at Ironwood State Prison (Ironwood) ordered that plaintiff be provided with a "heart healthy" diet "low in sodium with a reduction of fat / grease." Plaintiff asserts that as a result of being denied such a diet, he suffered four heart attacks and required heart surgery.

In 2012, plaintiff was transferred to the California Medical Facility (CMF) "due to the increase of Plaintiff's heart disease and other issues." While at CMF plaintiff complained to guards and other CMF staff regarding his diet with such complaints being ignored.

In 2015, while plaintiff was housed at CMF in a unit for "medically fragile" inmates, plaintiff was "brutally beaten" by a "mentally ill" inmate housed with plaintiff.

In his first claim, plaintiff blames defendant Fox, the Warden at CMF and Dr. Deepak B. Mehta, physician practicing at CMF, for not providing plaintiff with the diet ordered by the doctor at Ironwood. However, plaintiff fails to point to any facts which reasonably suggest either defendant had any knowledge of plaintiff's diet or condition. Plaintiff does not even allege Dr. Mehta ever treated plaintiff. Also, plaintiff fails to point to any facts suggesting that plaintiff's failure to obtain the diet he believes he should have received was the result of the actions or inaction of either defendant Dr. Mehta or Fox.

//////

In his second claim, plaintiff asserts defendants Mehta and Fox are responsible for plaintiff being attacked by a "mentally ill" inmate. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. Id. at 834, 837.

There are no allegations that either defendant was aware that housing plaintiff in the unit with the inmate that attacked plaintiff presented a serious risk of harm. Most notably, there is no allegation that either defendant had any reason to believe the inmate who attacked plaintiff would become violent toward plaintiff, even assuming they knew the attacker was "mentally ill."

Finally, the court notes that plaintiff identifies Loiuie Escobeli, R.N., Health Care C.E.O at the California Institution for Men (CIM) and Dean Borders, Warden at CIM as defendants. However, there are no allegations in the third amended complaint about events occurring at CIM, except that plaintiff was an inmate there some point, or actions taken by defendant Escobeli or Borders.

For all of the foregoing reasons, plaintiff's third amended complaint fails to state a claim upon which relief can be granted and will be dismissed. Because the third amended complaint was only the first submitted by plaintiff's attorney, the court will grant leave to file a fourth amended complaint. Counsel should refer to this order and the screening orders issued December 16, 2016 and June 1, 2017 in drafting the fourth amended complaint. If counsel fails to state a claim upon which relief can be granted in the fourth amended complaint, the court will in all likelihood recommend that this action be dismissed.

/////
/////
/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint. Failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 29, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mcdo2144.14(4)

4