UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENTHA MCDOWELL, | No. 2:16-cv-2144 MCE CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff, a former California prisoner, is proceeding with counsel and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. Plaintiff has filed a fourth amended complaint.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," and / or "labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility.

1

Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In plaintiff's fourth amended complaint, plaintiff asserts claims under two separate headings:  plaintiff's "First Cause of Action," and plaintiff's "Second Cause of Action."  The claims asserted in the "First Cause of Action" are based upon events that occurred at Ironwood State Prison in Blythe, California.  Blythe lies within Riverside County which is within the jurisdiction of the United States District Court for the Central District of California.  Because the court is recommending that plaintiff's "Second Cause of Action," — which concerns events allegedly taking place within the jurisdiction of this court – be dismissed, the court will recommend, for the convenience of the parties and in the interest of justice, that plaintiff's "First Cause of Action" be transferred to the Central District.  See 28 U.S.C. §1404(a).

In his "Second Cause of Action," plaintiff asserts, as he did in his third amended complaint, that on May 5, 2015, at the California Medical Facility in Vacaville, he was attacked by another inmate plaintiff describes as being "mentally ill."  Plaintiff identifies Warden Fox and Dr. Deepak Mehta as defendants with respect to this attack.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).   However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury sustained is sufficiently serious, and that the prison official was deliberately indifferent to a substantial risk of serious harm. Id. at 834, 837.

/////

2

1 | There are no allegations that either defendant Warden Fox or defendant Dr. Mehta were
2 | aware that housing plaintiff in the unit with the inmate that attacked plaintiff presented a
3 | substantial risk of serious harm to plaintiff. Most notably, there is no allegation that either
4 | defendant had any reason to believe the inmate who attacked plaintiff would become violent
5 | toward plaintiff, even assuming they knew the attacker was "mentally ill."

Plaintiff also alleges that defendant Warden Fox denied plaintiff adequate medical care after plaintiff was attacked. However, plaintiff fails to point to any facts indicating Warden Fox was even aware plaintiff was injured, let alone that he had any involvement in determining how plaintiff would be treated for his injuries.[1]

Finally, plaintiff asserts certain claims arising under California under his "Second Cause of Action." However, plaintiff has failed to specifically plead compliance with the California Tort Claims Act, which he must do to proceed on any claim arising under California law against a state official. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995).

For the foregoing reasons, plaintiff fails to state a claim upon which relief can be granted under the heading "Second Cause of Action" in his fourth amended complaint.

/////
/////
/////
/////
/////
/////
/////

---

[1] Plaintiff alleges defendant Warden Fox authored a decision concerning an inmate grievance filed by plaintiff in which plaintiff alleges he was denied appropriate medical care. While the type-written name on the bottom of the "Second Level Appeal Response" is that of Warden Fox, it was not signed by him, and in the first paragraph of the response, it is indicated that "[t]his matter was reviewed on behalf of [Warden Fox] by M. Iannone, Correctional Lieutenant." ECF No. 26-1. Under Title 15 California Code of Regulations § 3084.7(d), "second level review" need not be conducted by a Warden.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. All claims arising under the heading "Second Cause of Action" in plaintiff's fourth amended complaint be dismissed;

2. Defendants Dr. Mehta and Warden Fox be dismissed;

3. Plaintiff's "First Cause of Action" be transferred to the United States District Court of the Central District of California; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2018

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

---

1
mcdo2144.14(5)

4